**UNITED STATES of America ex rel.
Edward Lee TURNER**

v.

**Alfred T. RUNDLE, Superintendent.**

**Civ. A. No. 70–1185.**

United States District Court,
E. D. Pennsylvania.

July 26, 1971.

———◆———

Edward Lee Turner, pro se.

Arlen Spector, Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

Relator has filed a petition for writ of habeas corpus raising the same issues which he had presented in a petition pursuant to Pennsylvania's Post-Conviction Hearing Act, 19 P.S. § 1180–1 et seq:

(1) That the arresting officer did not have probable cause to arrest;

(2) That, because the arrest was invalid, the evidence that was seized incident to it should have been suppressed;

(3) That his attorney was ineffective in not filing a motion to suppress that evidence and in not informing relator of his right to appeal.

On July 19, 1968, the Honorable Alexander F. Barbieri granted relator the right to file post trial motions *nunc pro tunc*, ruling that relator was never informed of his rights to appeal. There was no inquiry into the merits of relator's other claims.

On January 27, 1969, post trial motions were filed by counsel on behalf of relator. On July 19, 1969, the motions were dismissed. No appeal was ever taken from that dismissal.

From the above, it is clear that no appellate state court has considered relator's claims. Further, relator's claim that he was not effectively represented by competent counsel has never been litigated in a state court. In these circumstances we must dismiss relator's petition for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b). It appears that relator has two procedural alternatives available to him at the state level. He may present his allegations to the state courts by pursuing a direct appeal *nunc pro tunc*, or by way of a petition under the Post-Conviction Hearing Act which would allow an evidentiary hearing on relator's substantive claims for the first time.

The instant petition will be denied without prejudice.